IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RECEIVED**

MAY 15 2020

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

CLIFTON PIERSON
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER: PRISONER # 735 767

DRC DIRECTOR vs.

~~GARY MOHR~~ et. al.
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

2 20CV2470

Judge Marbley,

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

ADULT PAROLE AUTHORITY
JENNIFER A. PRIBE
NIKKI FELDER
JOHN W. COCHRAN

MAGISTRATE JUDGE JOLSON

**COMPLAINT**

I. PARTIES TO THE ACTION:

PLAINTIFF: PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Clifton Pierson #735-767
LeCC
P.O. Box 56
Lebanon, Ohio 45036

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

- A. HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES [X] NO [ ]

- B. IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

    1. PARTIES TO THIS PREVIOUS LAWSUIT

        PLAINTIFFS: CLIFTON PIERSON

        DEFENDANTS: SHERIFF JAMES NEIL
        Lt. REED
        Ms. PRICE

    2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)
        SOUTHERN DISTRICT OF OHIO, EASTERN DIV.

    3. DOCKET NUMBER
        1:19-cv-00843-MRB-KLL

    4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED
        MICHAEL R. BARRETT

    5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)
        PENDING

    6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT
        10-4-2019

    7. APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT
**CORRECTIONAL RECEPTION CENTER**

A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES (X) NO ( )

B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES ( ) NO (X)

C. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

   2. WHAT WAS THE RESULT?

D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

   This is not a grievable matter it is a United States Constitutional principle.

E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO (X)

F. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

   2. WHAT WAS THE RESULT?

   This is a matter of a federal violation(s).

-3-

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. ~~Gary Mohr~~ - Director DRC
   NAMES - FULL NAME PLEASE
   1050 Freeway Drive, N. Columbus, Ohio 43220
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Chairman of the Adult Parole Authority
   DRC 1050 Freeway Drive, N. Columbus, Ohio 43220

3. Jennifer A. Pribe - Hearing Officer
   DRC/APA 1050 Freeway Drive, N. Columbus, Ohio 43220

4. Tracy L. Delph - Hearing Officer
   DRC/APA 1050 Freeway Drive, N. Columbus, Ohio 43220

5. Nikki Felder - Parole Officer (Hamilton County APA)
   Reading Road - Cincinnati, Ohio

6. John W. Cochran - Supervisor (Hamilton County APA)
   Reading Road - Cincinnati, Ohio

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

-4-

## STATEMENT OF CLAIM

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER. <u>DUE PROCESS</u>

1) Normally fourth and fifth degree felonies don't get Post Release Control (PRC); however the Department of Rehabilitation has allowed it's administrative agency, the Adult Parole Authority to impliment "discretionary PRC" on these felonies when desired. Discretionary, meaning arbitrary, capricious, and whimsical; based on no principles, guidelines, rationale, or procedural Due Process protections, thus no Due Process. While on this PRC, this petitioner was officially convicted of a new crime whereas the APA held no on-site violation hearing in the legally required (10) ten day time limit, nor was a revocation hearing held. Yet near the end of the new sentence the APA placed this petitioner back on PRC for the case where the legal jurisdiction was over. And the PRC was not for the newly convicted case, but was retro-actively accounted to the prior case, re-starting the PRC with a fresh (3) three year length, thus making the PRC imposed for an unlawful (4½) four and a half years. Thus the PRC was a void sentence. I did not honor this PRC and it was months later when I met P.O. Nikki Felder who I informed of the situation, she told me she would look into it and try to get me off early. Once again no sanction or hearing. There was no mention of (2) two PRC's nor any "stacking".

Stacking, at least as it was applied to this petitioner, is the unlawful act of selecting not to act or forgetting to act upon a PRC violation in a timely manner, only to return to the violation at some whimsical date in the future to allow the APA to enhance the parollee's time beyond the original sentence, and bereft of a requirement that a prisoner appear in court for the enhancement which is ran consecutive to any legally imposed sentence. This policy violates 1) three Constitutionally protected Due Process Rights; 2) it violates time limit requirements; 3) it enhances sentences that have commenced; 3) it enhances sentences without the prisoner being present in court. Stacking infringes upon a prisoner's liberty Interest since it occurs without knowledge of it existing. The APA and P.O. Nikki Felder have created a bogus PRC assisted by supervisor John W. Cochran where these alleged PRC's don't give jail credit for the (8) eight months the petitioner was held on a P.D. Holder that absolutely prevented the petitioner from being released, yet somehow illogically claim the petitioner was not in their custody. Had this petitioner been found guilty by a duly elected and Learned judge, every moment of jail time would have been accredited as mandated by State Law, however, the APA, an administrative agency, has been exalted to a position above the courts and legislative law. How and by whose authority?

To totally disregard jail-time credit shows an absense of criteria that allows abuse and then masks it when it occurrs. Stacking and denying jail-time are both vindictive policies that promote bias, personal vendettas, and capricious administration of law, thus unconstitutional. The courts have determined an administrative agency, elected by nobody, must honor plea bargains is there no Due Process requirement for a dismissed charge?

Pg 3 of complaint

On January (21st) twenty-first this petitioner was taken to an "on site" hearing where Nikki Felder and John W. Cochran first introduced the alleged (2) PRCs and the concept of stacking to this petitioner. Both denied credit for jail-time. I was sent to the Correctional Reception Center to have a violation hearing on February (4th) fourth 2020, which was continued until February (19th) nineteenth 2020, which was continued until March (5th) fifth 2020. Tracy L. Delph made this continuance. There is a (10) ten working day limitation on the time to continue a violation hearing, and once again the APA violated it's time frame, February 19, 2020 to March 5, 2020 is (11) eleven days.

On March 5, 2020 hearing officer Jennifer A. Pribe stated in a most dismissive manner, on the record, that "I say it's (10) ten days." At this point I knew Due Process of law would not be considered. Math is an absolute truth, it is not subject to interpretation nor even the space-time continuum. To deny math even in another galaxy, is to have a fundamental break with reality as well as a total disregard for facts and truth. Just as Pribe denied known truth she denied the fact that not one shred of evidence pointed to any guilt on my behalf of a PRC violation. In her summation she speaks of witnesses descibing my clothing (every item retail), absolutely no personal features other than an older male Black. The arresting officer couldn't remember if she was on a bike or a segway, so how reliable is she? And the alleged knife was found in a food bag outside a restaurant, when no witnesses said I had food. The officer also stated I was a block away from the crime scene waiting for a bus, wearing an all white outfit with not a drop of blood on me, and I was not beligerant. Obviously there wasn't even a guilty state of mind. Video cameras didn't even show a crime, but Pribe's mind did. This was no hearing

it was a vendetta and abuse of authority based on preconceived biases with no interest towards truth or justice; thus another denial of Due Process.

At the conclusion of my violation hearing, hearing officer Pribe, against the manifest weight of evidence, or true preponderance of the evidence, found this petitioner guilty of rules 1 and 4. Rule #1 cannot be established with video camera, the video tends to disprove the allegation. Not to mention it is not the original rule description. Rule #4 by Supreme Court definition is patently false. Violations of Due Process and equal protection were minor issues to Pribe.

On January 23, 2020, two days after my "on site" hearing, an article appeared in the Cincinnati Court Index discouraging cash bonds, and their excessiveness, based upon racial bias, since minorities are overrepresented in corrections facilities. The Ohio Department of Rehabilitation and Corrections was quoted as saying 57% of jail inmates are there awaiting trial due to bond, showing racial and economic disparity. Armed with their own statistics how can the DRC/APA justify not giving jail-time credit, especially when a P.O. Holder is also in effect? I asked Pribe why am I not getting credit according to law, DRC, and APA awareness and she told me that I was not receiving credit because aside from the P.O. holder I had not made bond. Regardless of the fact that the P.O. Holder nullified making bond (since I would not be released anyway) I was told by Pribe that then my jail time would have been credited. In all reality, she told me had I been a member of the gentry class capable of putting up a half-million dollars worth of property for assurity or giving $25,000.00 of my spare dollars to a bondsman

pg 5 of complaint

I would have gotten credit for the lost (8) eight months of my life it took to win my case. There are no two or three ways to view this matter, one one. Without large money my life doesn't matter to Pribe or the APA. This policy can only be construed as extortion at worst or Class and Economic Discrimination at best. The United States Constitution is not economically biased whereas only the wealthy are provided rights. This is a flagrant violation of Due Process and it's not that the DRC and APA nor Pribe are not aware of it it's intentional and who knows how many hundreds of thousands of lives have been "Violated" by it.

Finally Nikki Felder, a product of an economically deprived area, how could she possibly not have known?

2) Unlawful Imprisonment- I was placed on PRC, and after about a year and a half I violated it, was convicted, and sent to prison. The APA did not bring to a violation hearing in the required (10) ten day period nor a revocation hearing while I was in prison. Near the end of my sentence I was placed on PRC again for the prior charge, thereby adding a fresh (3) three year maximum to the year and a half already served on the PRC they no longer had jurisdiction on. To wit, even if they had that would be a combined four and a half (4½) year of PRC, which would be void in law. Now after having been found not guilty of a 5/27/19 case, the APA under Nikki Felder and John W. Cochran have retroactively sentenced me to (2) two PRCs gone which I've never heard of, claiming I owe 213 days on a 90 maximum sanction on a six (6) month sentence. There is no paper work regarding this matter because there was never any notice of it. The DRC and APA policy of "stacking" allows them to not give notice of additional PRCs, not credit jail time for PRC, and in all essence legally kidnap a parolee who has won a case. They fail to believe that they have to honor a dismissal of a case, even though the courts say they have to honor a plea agreement. The courts agree that a deprivation of jail

pg 6 of complaint

credit exceeding the prisoners sentence violates his liberty interest. All things considered this petitioner is being unlawfully detained, and punitive damages should be awarded, especially when all the defendants are aware of their actions.

3) Double Jeopardy - Everybody knows the Fifth Amendment basic standard that no person shall be subject to the same offense twice to be put in jeopardy, except the ODRC and APA. They are masters of euphemisms and alternative realities. This petitioner won a court case held by an elected official. The APA thinks that labeling a charge a "sanction" has a different overall result. It doesn't matter that America is a country of laws, besides officer Pribe and the APA feel it's their duty to skirt laws. "If one could not be found guilty lets abandon law and fact for whim and bias and protect this righteousness under color of law." The fifth amendment guarantees freedom from multiple punishments for the same offense, the APA attempts to use semantics to obscure reality. When an administrative agency abridges rights and essentially overturns court decisions, Double jeopardy is in effect. Had this petitioner been found guilty of the other charges the APA claims I am on PRC for, the legitimate court would have ran the charges concurrent, how then does an agency ignore jail time credit and then run charges consecutive? The (2) two legally imposed sentences added up to (allegedly)(14) fourteen months, the PRC sanctions for being found not guilty amount to (15) fifhteen months. (Double jeopardy on steroids) Pribe and the APA think they can hold a parolee in custody, violate whim for not being guilty, and top it off by not giving him credit for being in custody. A child knows that's multiple punishments.

4) Sentence Enhancement - It is unlawful to enhance a duly imposed sentence once it has begun. A sentence can not be enhanced without the affected party being present in court before a lawfully elected judge. Nowhere does the Constitution give any administrative agency the power to enhance sentences or have more power than a judge. The APA through Pribe and by way of Felder have taken a (6) six month charge and re-sentenced this petitioner to an additional (15) fifthteen months without legal merit. Beyond the attempted semantics and low-calorie Logic, the reality is the APA has re-sentenced this petitioner.

5) Discrimination - As stated earlier the APA is well aware of the disproportionate ratio of minorities in jail, as they are well aware that denying jail-time credit disproportionately effects them. These are not third-world illiterate people, this are college educated people who are well aware of the ramifications of thier actions. They treat jail-time credit as a joke on minorities and the poor, and worse they dupe people like A.U. Felder into doing the dirty work so as to hide their racist policies. If anyone dares to question whether these policies are ethnicly and economically biased, ask yourself why do these policies exist?

6) Enactment of a poor law - The APA's lack of logic and going out of their way to create a policy that is already well established law, shows their distain for the economically deprieved. No sane person would even think of how to further oppress the down-trodden. The term Jail-time Credit speaks for itself. Only a diabolical mind-set would conceive the though of pretending time and human life was not spent unless money has also been taken. A bond is not to hold a person in jail, nor to cause financial disaster. A bond is to ensure a party returns to court. That's all. Why would a person in America, under the Constitution need to pay a fortune to be treated justly?

**RELIEF**

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

Since all of the defendants are well aware of their unethical and immoral actions, as well as their abuse of both authority and discretion there is no other suitable alternative than to provide punitive damages of a significant amount to ensure future DRC and PRC agents adhere to Due Process and Constitutional mandates. Furthermore, since these particular officials wantonly exceeded their legal limits and knowingly violated my Constitutional rights with a callous disregard for my liberty interest and general welfare as well as a dismissal of proper duty of office they all should be terminated from office immediately and be eligible to be sued in their individual capacities along with their official.

SIGNED THIS 16 DAY OF April 2020

*Clifton B. Pierson*
SIGNATURE OF PLAINTIFF

-6-





LECI

Mike DeWine, Governor
Annette Chambers-Smith, Director

Tuesday March 10, 2020 12:50 PM

## BOSC - UPDATE & CORRECTION (By: ROBERTS)

| Inmate #: | Name: | Institution: CRC | Entered Date: | Admission Date: |
|---|---|---|---|---|
| A735767 | PIERSON, CLIFTON | | 3/6/2020 | 06/09/2017 |

**Reason for update:** Return PRC Sanction

**Notes:** 150 DAYS PRC SANCTION EFFECTIVE 3/6/2020

### Offense Data

| CCS | OFFENSE | START mmddyy | CTCL | JAIL TIME CREDIT | GUN | MAND | DEF/TERM | SB201 Man Min | SB201 Man Max | SB201 Min | SB201 Max | MIN/FULL | MAX | LD | COUNTY | DOCKET NUMBER | C N | DEG FEL | JUDGE | PROSECUTOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | POSS. OF DRUGS 2925.11 5 | 06/09/2017 | 1 | C 56 | - | - | 0.50 | - | - | - | - | - | - | | HAMI | B1606222 | C | 5 | CHARLES KUBICKI JR | JOSEPH T DETERS |

### Credit/PRC

| JTC | 56 | PRC | 3.00 |
|---|---|---|---|

### Specifications

No Specification data available

### Definite/Stated Years

| Net Stated Terms(years) | 0.50 | Term 86-5 Years | 0.50 | PRC Sanction (days) | 150 |
|---|---|---|---|---|---|

### SB201 Indefinite Years

No data for SB201 Indefinite Years

### Indefinite Years

No data for Indefinite Years

### Parole/Early Release Programs

No data for Parole/Early Release Programs

### Specification Expiration Dates

No data for Specifications Expiration Dates

### Definite/Stated Dates

| Net EDS | 8/2/2020 | Net EST | 8/2/2020 | Expected Release Date | 8/2/2020 | 86-5 Exp | 10/12/2017 |
|---|---|---|---|---|---|---|---|
| 86-5 Fixed | 10/12/2017 | 92-5 Cap | 9/27/2017 | SB2 Exp | 8/2/2020 | SB2 Fixed/HB261 ZD | 8/2/2020 |
| PRC Sanction | 8/2/2020 | | | | | | |

### Parole Board Minimum/Maximum Dates

No data for Parole Board Minimum/Maximum Dates

### SB201 Non-Life Indefinite Sentence

No data for SB201 Non-Life Indefinite Sentence